UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DAVID FLORES, ) | CASE NO. 3:07 CV 2134 |
| ) | |
| Plaintiff, ) | |
| ) | CHIEF JUDGE JAMES G. CARR |
| vs. ) | |
| ) | |
| GERALD BOWSHER, et al., ) | OPINION AND ORDER |
| ) | |
| Defendants. ) | |
| ) | |

On July 17, 2007, pro se plaintiff David Flores filed this in forma pauperis civil rights action against the following employees at Toledo Area Regional Transit Authority (TARTA): Gerald Bowsher, Lisa Leu, Craig Bruns, Dave Burnham, Daphne Johnson, Lamont Walker, and James Jones. Mr. Flores alleges that the defendants repeatedly harassed and intimidated him.[1]

BACKGROUND

Mr. Flores states that he worked in the garage at TARTA for 30 years. During the past 18 years he worked in the body shop of the garage. On December 5, 2002 he filed a grievance

---

[1] There is no allegation of racial discrimination in the complaint, but there is a notation on the Civil Cover Sheet Mr. Flores filed with his complaint describing his cause as: "Race discrimination, harrasment [sic], intimidation." (Civ. Cover Sheet of 7/17/07 at 1, VI. CAUSE OF ACTION.)

for reasons that are not explained in the complaint. While Superintendent James Jones "acknowledged" Mr. Flores's complaint, "nothing was ever done about it." (Compl. at 1.) Instead, foreman Dave Burnham continued to "be indecise [sic] about what he wants done or which job is to be completed also threaten The Police will be called." (Compl. at 1.)

With regard to defendant Daphne Johnson, an African American female, Mr. Flores claims she accused him of "saying something to her" on or about May 29, 2002. He was subsequently suspended for one day, but denied the accusation. He then complains that he was called into the Human Resources office at TARTA on February 18, 2003 even though he was on sick leave. He was "forced to go to the company Doctor, late getting to appointment weather conditions bad DR. returned me to work with SLIP, gave it to foreman Larry H. then to Lisa Leu after meeting me, Jones became confrontational, there were witnesses. A Police report filed [sic] out because of confrontation. I was terminated and asked to leave. Lost wages. Crag [sic] Bruns-EEO Officer, Involved. Returned to work without pay. I was proven to be innocent of the charges.- still lost wages." (Comp. at 1.)

Ms. Johnson later accused plaintiff of spraying her with water and making a racial slur. At that time, he was called to the office of Jim Jones. It appears that Ms. Johnson was also present at the meeting. The incident may have occurred on April 11, 2006, but the relevant facts regarding the events of that date are fairly unintelligible. What is clear is the fact that Ms. Johnson left a door open at the end of the body shop and Mr. Flores subsequently closed it. For reasons not explained, this was perceived as a hostile act. After meeting with Dave Burnham, Mark Z, Craig Burns and Mark Flores, plaintiff was advised that Ms. Johnson had filed a written complaint alleging that David Flores directed a racial slur toward her.

2

On or about May 2, 2006, Mr. Flores's employment with TARTA was terminated. A copy of an attached grievance letter, dated May 8, 2006, from representative Joseph Jeffries with Local 697 of the Amalgamated Transit Union, indicates that Mr. Flores was fired for violating TARTA's discrimination/harassment policy and an "aggravating personnel file folder." Plaintiff maintained his innocence. There is no indication what transpired between the Union and TARTA as a result of this grievance.

STANDARD OF REVIEW

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

42 U.S.C. § 1983

To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981),

---

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. See e.g., Paul v. Davis, 424 U.S. 693, 699-701(1976); Baker, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States. Baker, 443 U.S. at 140.

Mr. Flores does not assert the deprivation of any constitutional right. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). While Mr. Flores claims he was harassed and intimidated, this does not invoke the protection of any constitutional amendment.

## TITLE VII

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. There is no statement or reference in the complaint that sets forth a colorable basis for this court's jurisdiction over the matter under Title VII. While Mr. Flores states that defendant Johnson is African American, he does not state that his race, color, religion, sex, or national origin played any role in TARTA's decision to terminate his employment. Principles requiring generous construction of pro se pleadings are not without limits, and district courts are not required to conjure up questions never squarely presented

4

to them or to construct full blown claims from sentence fragments. Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Accordingly, Mr. Flores is granted leave to proceed in forma pauperis and this action is **dismissed** under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.